PRESCOTT J. BIGELOW *vs.* WILLIAM A. HEYER & another.

In an action by the indorsee against the executors of the maker of a promissory note, the payee, who is interested as indorser in the result of the suit, and his wife, are both com-petent witnesses to prove the genuineness of the maker's signature.

CONTRACT brought by the indorsee against the executors of the maker of a promissory note of $2500. At the trial in the superior court, before *Russell*, J., a verdict was returned for the plaintiff, and the defendants alleged exceptions. The facts are stated in the opinion.

*G. A. Somerby*, for the defendants.

*T. Willey*, for the plaintiff.

CHAPMAN, J. The plaintiff is indorsee of a note purporting to be made by Matthias Kramer, the defendants' testator. The report presents the question whether Sebastian Kramer, the payee and indorser, and his wife, are competent witnesses to prove the genuineness of the maker's signature, which was in

controversy at the trial. It appeared that Sebastian Kramer indorsed the note to the plaintiff, who on two occasions let him have money upon it. The indorser had a subsisting pecuniary interest in it at the time of the trial; but to what extent did not appear.

From this statement it appears that Sebastian Kramer, though interested in the suit, is not even an equitable party to it; for he has no control of the note, and no right to interfere in the management of the cause. The plaintiff has the legal title to the note, and the sole control of it; and Sebastian Kramer has no interest which he can enforce, except by a suit against the plaintiff. After the plaintiff collects the money, it may be that Kramer can recover the part which belongs to him, if any; or if the plaintiff loses the note on this suit, by negligence or other fault, Kramer may perhaps have a remedy for the damage done to him. Thus he is to be regarded merely as a witness interested in the event of the suit.

Persons thus interested were made competent witnesses by *St.* 1852, *c.* 312, § 60. Under this statute, Sebastian Kramer would have been a competent witness, even if the whole beneficial interest in the suit had been in him. *Palmer* v. *White*, 10 Cush. 321. *Morgan* v. *Stone*, 11 Cush. 253. *Bates* v. *Kempton*, 7 Gray, 382.

But it is contended that he is made incompetent by Gen. Sts *c.* 131, § 14, because he was the payee of the note; and the maker is dead, and this action is against the executors of the maker. The proviso of the section is, that " where one of the original parties to the contract or cause of action in issue and on trial is dead," " the other party shall not be admitted to testify in his own favor." If this language were independent, it might bear the construction contended for. But as a proviso, it is dependent on the general provision of the section. That general provision is to enable parties in civil actions and proceedings to testify. And by this is meant parties to the record. The competency of all other persons, including those who had an equitable interest in the suit, had been already established by the construction given to *St.* 1852, in the cases cited above

The enabling part of Gen. Sts. *c.* 131, § 14, did not therefore relate to any persons who were not parties to the record. The proviso is consequently limited to parties to the record; for it would be absurd to make a proviso broader than the principal thing which the proviso is intended to restrict. A careful criticism of the phraseology of the proviso would show that the language is sufficiently explicit in expressing this intent. This section therefore does not affect the competency of Sebastian Kramer. The competency of the wife of a person thus situated is established by the case of *Peaslee* v. *McLoon,* 16 Gray,

*Exceptions overruled.*